## Case No. 15,588.

### UNITED STATES v. LEE.

[4 McLean, 103.] [1]

Circuit Court. D Illinois. June Term, 1846.

ACCOMPLICE AS WITNESS—IMMUNITY FROM PROSECUTION—BONA FIDES.

1. An accomplice may be used as a witness, from the necessity of the case, in many instances.

[Cited in U. S. v. Hinz, 35 Fed. 280.]

2. And if so used, and from his testimony, he appears to have acted in giving testimony in good faith, the government can not further prosecute him.

[Cited in U. S. v. Ford, 99 U. S. 605.]

[Cited in Nickelson v. Wilson, 60 N. Y. 367.]

3. It is bound in honor to discontinue the prosecution. In testifying he implicated himself, and although the person on whose trial he gave evidence was acquitted, that does not alter the case of the witness. If he acted in good faith, as the court think he did, in giving testimony, he should be discharged.

[Cited in State v. Graham, 41 N. J. Law, 20.]

4. If the prosecuting attorney shall not enter a nolle prosequi against him, which the court

1 [Reported by Hon. John McLean, Circuit Justice.]

think is the better course, they will continue the case until a pardon shall be procured.

[Cited in U. S. v. Hinz, 35 Fed. 280.]

[Cited in Dawley v. State, 4 Ind. 129.]

Mr. Gregg, U. S. Dist. Atty.

Mr. Butterfield, for defendant.

OPINION OF THE COURT. The defendant was indicted for stealing from the mail. And having been used as a witness on the trial of Warner, an accomplice, a motion is now made that he be discharged on that ground. The prosecuting attorney opposes this motion on the ground that, at most, the defendant has only an equitable claim to a pardon, and that on this ground the cause may be delayed; but the defendant cannot be discharged. Rosc. Cr. Ev. 147; 2 Russ. Crimes, 598.

An accomplice is used by the government, because his evidence is necessary to a conviction. Being called as a witness, there is an implied obligation by the government, if not expressed, that if the witness shall make a full and honest disclosure of the facts, which have a direct bearing on the case, he shall not be prosecuted. Mr. Greenleaf, in his treatise on Evidence, says (volume 1, § 363): "In regard to defendants in criminal cases, if the state would call one of them as a witness against others in the same indictment, this can be done only by discharging him from the record; as, by the entry of a nolle prosequi, or, by an order for his dismissal and discharge where he has pleaded an abatement, etc.; or by a verdict of acquittal where no evidence, or not sufficient evidence, has been adduced against him." 1 Bull. N. P. 285; Cas. t. Hardw. 163; 9 Cow. 708; 2 Stark. Ev. 11; Com. v. Knapp, 10 Pick. 477. In section 379, Mr. Greenleaf says, "The admission of accomplices, as witnesses for the government, is justified by the necessities of the case, it being often impossible to bring the principal offenders to justice without them. The usual course is, to leave out of the indictment those, who are to be called as witnesses; but it makes no difference as to the admissibility of an accomplice, whether he is indicted or not, if he has not been put on his trial, at the same time with his companions in crime." And again: "But whether an accomplice already charged with the crime, by indictment, shall be admitted as a witness for the government, or not, is determined by the judges, in their discretion, as may best serve the purposes of justice." "If he appears to have been the principal offender, he will be rejected." People v. Whipple, 9 Cow. 707.

In the case of Lee, he was used as a witness with an understanding, that he would not be prosecuted to conviction, provided he made a full disclosure in regard to the acts of Warner. The court have heard his evidence, and there seems to be no doubt that the disclosures made by the witness were true. He implicated himself, being the

driver of the mail stage, but he was instigated to do the act by Warner, who was a much older and more experienced person. The court think that Lee, as a witness, has acted in good faith, and that the acquittal of Warner by the jury, in no respect affects the right of the witness to claim an exemption. The government is bound in honor, under the circumstances, to carry out the understanding or arrangement, by which the witness testified, and admitted, in so doing, his own turpitude. Public policy and the great ends of justice require this of the court.

If the district attorney shall fail to enter a nolle prosequi on the indictment against Lee, the court will continue the cause until an application can be made for a pardon. The court would suggest that to discontinue the prosecution is the shorter and better mode.

UNITED STATES v. LEE.  See Case No. 922.