May Term,
1853.

DAWLEY
v.
THE STATE.

---

DAWLEY *v.* THE STATE.

The verdict of a jury against a person indicted for burglary, does not render him infamous, and, therefore, incompetent as a witness; but it is the judgment of the Court which does so.

A jury may convict a person of burglary upon the testimony solely of an accomplice.

The fact that the prosecuting attorney has refused to enter a *nolle prosequi* against a person indicted for burglary who has given testimony which led to the conviction of an accomplice under a promise of favor upon the disclosure of the whole truth, cannot affect the judgment against such convicted accomplice.

ERROR to the *Vanderburgh* Circuit Court.

PERKINS, J.—*Dawley* was indicted, jointly with three others, in the *Vanderburgh* Circuit Court, for larceny in the stealing of a cow. He was tried separately, convicted, and sentenced to the penitentiary.

On the trial, one *Peltz*, who had, at the same term of the Court, been convicted of burglary but not sentenced, and who was charged as an accomplice in the case with *Dawley*, was made a witness on the part of the state, and testified against *Dawley* under an assurance that if he disclosed the whole truth he might hope for favor in his own case.

It is objected that *Peltz*, having been convicted of burglary, was not a competent witness. But judgment and sentence had not passed against him; and it is the judgment of the Court, and not the verdict of the jury, that renders the accused legally infamous, and, hence, incompetent as a witness. It is also urged that his testimony, being that of an accomplice, was not sufficient, uncorroborated, to authorize the jury to find a verdict of guilty. A jury may convict upon the testimony alone of an accomplice. *Johnson* v. *The State*, 2 Ind. R. 652. We regard *Peltz's* testimony, however, as strongly corroborated in this case.

It is further said that the prosecuting attorney refused to enter a *nolle prosequi* to the indictment against *Peltz* after he had testified. If such be the fact, it has nothing to do with *Dawley's* case, and can only be made the ground of an application to the executive for a pardon in that of *Peltz*. See the *United States* v. *Lee*, 4 McLean 103.

*Per Curiam.*—The judgment is affirmed with costs.

*J. G. Jones*, for the plaintiff.

*A. L. Robinson*, for the state.