## COMMONWEALTH *vs.* HENRY B. BROWN & another.

The Commonwealth is not barred from prosecuting a person for a crime, by the fact that he has confessed his guilt while testifying as a witness, without express promise of pro‑ tection by any one, on the prosecution of another person for participation in the same crime or some other growing out of or connected with it, before some magistrate whose court was not attended by a public prosecutor, or before the grand jury without request of the district attorney.

INDICTMENT returned into the superior court for Suffolk at August term 1869, charging Brown and Andrew Drake with assault and battery each upon the other. Drake pleaded guilty Brown was tried and found guilty, before *Scudder,* J., whc allowed exceptions in substance as follows :

" It appeared at the trial, that the defendants were engaged by previous agreement, in a fight with their fists, when Drak suddenly stabbed Brown with a knife ; and that Brown imme‑

diately reported the facts to a police officer, on whose complaint Drake was brought before the municipal court of the city of Boston for an assault on Brown with a knife. At the examination before the municipal court, Brown appeared as a witness for the Commonwealth, and Drake was held to bail for said assault with a knife. Brown also appeared as a witness for the Commonwealth before the grand jury. The matter of good faith or bad faith on the part of Brown was not discussed or alluded to by the Commonwealth.

" Upon this evidence, the defendant's counsel contended that the Commonwealth had accepted and used Brown as its witness; and that the faith of the Commonwealth was thereby pledged to him to protect him from harm by reason of his complicity in the offence set forth in the indictment. But the court allowed the defendant to be put on trial, and he was convicted of a simple assault, and excepted to these rulings."

*C. Cowley*, for Brown, cited *Rex* v. *Rudd*, Cowp. 331; *S. C.* Leach, 135; *Rex* v. *Brunton*, Russ. & Ry. 454; 1 Phil. Ev. (2d ed.) 597.

*C. Allen*, Attorney General, for the Commonwealth. The question which the defendant seeks to raise, as to the duty of the Commonwealth towards one whom it has used as a witness against another, in a criminal case, does not here arise. The Commonwealth has never used or accepted him as a witness. Appearing and testifying before the municipal court where no prosecuting officer attends officially on the part of th Commonwealth, and before the grand jury without the request of the district attorney, does not impose any duty or obligation whatever upon the Commonwealth or its prosecuting officers. Nobody asked him to appear or testify. He volunteered as the prosecutor in the case, he having been the person who received the chief injury. Nor is it probable that the district attorney ever knew of the nature of his testimony, till it was given in the presence of the grand jury. In prosecuting the defendant there can be no breach of public faith; since there was no promise whatever, express or implied, by any person authorized or unauthorized, that he should be exempt from prosecution.

CHAPMAN, C. J. It does not appear that any express pledge was made to the defendant; nor that any implied pledge was made to him by any one having authority to make it.

*Exceptions overruled.**

---

* A similar decision was made in the following case, argued at September term 1870 for Hampden.

### COMMONWEALTH vs. THOMAS DENEHY.

INDICTMENT returned into the superior court for Hampden at December term 1869, charging the defendant with breaking and entering Loring Sackett's shop in Holyoke with intent to commit larceny therein, and then and there stealing ten pairs of boots. Trial and verdict of guilty, in the superior court, before *Rockwell*, J., who allowed exceptions in substance as follows:

The defendant filed a plea " that the Commonwealth ought to be barred from having and maintaining this indictment; because, he says, that in a trial, before a trial justice in said county, of Patrick Bowler, for the same offence charged against him therein, the government called him as a witness, and caused him to be duly sworn as a witness in said cause, and at the request of the Commonwealth, then and there as such witness, before said trial justice, he did testify that he did commit the offence charged against him, and testified fully and entirely his whole knowledge of the circumstances of the commission of said offence and his participation therein, and made full and complete disclosures and proof of the commission of said offence and his crime; all of which he is ready to verify." This plea was overruled.

" The defendant then pleaded not guilty, and was tried. He proved, in his defence, that, upon a trial of Patrick Bowler, before a trial justice for said county, at Holyoke, for the same burglary and offence charged in this indictment, he was called by the Commonwealth and sworn as a witness; that he then did testify that he, the said Denehy, broke and entered the shop of Sackett, as charged in this indictment, and stole the property therein charged, and took it to where Bowler was, and Bowler refused to take the stolen property; that he, the defendant, testified then and there to the circumstances of said burglary, and disclosed the parties engaged in it with him; and that Bowler was held to answer the said charge, but was not indicted by the grand jury. And thereupon the defendant asked the court to rule that, if he did so testify, at the request of the Commonwealth, as the witness of the Commonwealth, and made a full and complete disclosure of all the facts in his knowledge concerning the burglary, the jury could not convict; but the court ruled otherwise, and he excepted."

*G. M. Stearns*, (*M. P. Knowlton* with him,) for the defendant. 1. In this case the Commonwealth called the defendant as a witness, and thereby impliedly promised him the protection of the government. *Commonwealth* v. *Knapp* 10 Pick. 477, 493. It cannot be objected that he was called by the trial justice

only, and not by a mere prosecuting officer. The trial justice acts for the Commonwealth, and no other person is invested with authority to call witnesses in his court for the government. In *Rex* v. *Rudd*, Cowp. 331, 334, the party was called as a witness by a police magistrate of London. In England, the defendant could not plead this matter in bar, nor set it up in defence, because under ordinary circumstances he would have there only an equitable right to a recommendation for pardon. 3 Russell on Crimes, (4th ed.) 597. But if pardon was promised in the Gazette, he would have a right to pardon, although subject to sentence. *Rex* v. *Rudd*, Cowp. 331, 334. In this country, if convicted before he is called as a witness, he is entitled as of right to a pardon. *People* v. *Whipple*, 9 Cowen, 707, 715. If not tried, he is entitled to a discharge. *United States* v. *Lee*, 4 McLean, 103. *Commonwealth* v. *Knapp*, 10 Pick. 477, 493. In England, he is entitled to nothing until after sentence. In Massachusetts, he is entitled not to be prosecuted. *Commonwealth* v. *Knapp*, 10 Pick. 493. Inasmuch, therefore, as he is entitled to protection from prosecution, it follows he may plead the matter in bar or set it up in defence. Such is the law in Scotland. Alison Pract. Crim. Law of Scotland, 453.

*C. Allen*, Attorney General, for the Commonwealth.

BY THE COURT. The case cannot be distinguished from *Commonwealth* v. *Brown*, *ante*, 422. *Exceptions overruled*