DANIEL BLAUFUS, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

Under the provision of the Revised Statutes (2 R. S., 681, § 1), disqualifying, thereafter as a witness, any person who "shall, upon conviction, be adjudged guilty of perjury," a person is not rendered incompetent until, by judgment, sentence has been pronounced upon him; a verdict of guilty alone is not sufficient.

(Argued February 21, 1877; decided March 20, 1877.)

ERROR to the General Term of the Superior Court of Buffalo to review judgment, affirming a judgment of the criminal term of said court, entered upon a verdict finding the plaintiff in error guilty of the crime of subornation of perjury.

It appeared, upon the trial, that the plaintiff in error had formerly been indicted for larceny; that one Ferdinand Vorst was on that trial called as a witness on his behalf; Vorst was indicted for perjury thereon, and was tried and a verdict of guilty given against him. The indictment here was for suborning the said Vorst on that trial, who was now called as a witness for people. The counsel for the prisoner objected to his testifying, upon the ground that his conviction disqualified him as a witness. Record evidence of the indictment, trial and verdict was produced. The objection was overruled, and said counsel duly excepted.

*Mr. Kinney*, for the plaintiff in error. It was not necessary that the witness, Vorst, should be sentenced in order to disqualify him from testifying. (2 R. S., 681, § 1; id., 672, §§ 28, 29; id., 677, 680, §§ 6, 7, 8, 10, 11; *Burwell* v. *Tulis*, 12 Minn., 572; *Waller* v. *Harris*, 20 Wend., 562; Sedgw. on Stats., 220; 1 Blacks. Com., 59, 60, 61; Coke's Inst. [8th ed.], 499; 2 R. S., 701, § 23; *Dist. Town, etc.*, v. *Dubuque*, 7 Clarke, 262; *People* v. *Burns*, 5 Mich., 114; *Gates* v. *Sloman*, 35 Cal., 576; *Ellison* v. *Mobile R. R. Co.*, 36 Miss., 572; Sedgw. on Stat. [2d ed.], 209; *Powers* v. *Shepard*, 48 N. Y., 540.)

*D. N. Lockwood*, district attorney, for the defendants in error. Vorst was not disqualified as a witness until sentence had been pronounced on him. (*People* v. *Evans*, 40 N. Y., 11; 1 Greenl. Ev., 422, § 375; *Warren* v *Haight*, 62 Barb., 490.)

Folger, J. The plaintiff in error was tried at a criminal term of the Superior Court, of the city of Buffalo, for a violation of the statute against the subornation of perjury; (2 R. S., p. 681, § 3.) The people, to maintain the issue on their behalf, called as a witness one Frederick Vorst. The plaintiff in error objected to any testimony being given by that person, on the ground that he had been tried and con-

victed of the crime of perjury, and that he was incompetent
by statute.  The statute relied upon is in these words:
" Every person who shall wilfully and corruptly swear,
testify or affirm, falsely   *   *   *   shall, upon conviction,
be adjudged guilty of perjury, and shall not thereafter be
received as a witness, to be sworn in any matter or cause
whatever, until the judgment against him be reversed." (2
R. S., p. 681, § 1.)   To sustain this objection it was shown
by record evidence that Vorst had been indicted and put on
trial for perjury; that a jury had found a verdict of guilty
against him, and that he was then in custody awaiting
sentence upon the verdict.   Vorst was however permitted
by the court to testify, on the ground that the rendition of a
verdict of guilty by the jury did not bring the case within
the statute, and that he was not incompetent as a witness
until the judgment of the court had pronounced sentence
upon him.

We have lately, in civil cases, been called upon to construe
statutes of similar import.   We have held in them that there
was no conviction merely upon the finding of the question of
fact, and that there must also be a judgment of the court.

These cases arose under the acts relating to dower, and the
forfeiture of it by adultery; (1 R. S., p. 741, § 8; 2 R. S.,
p. 146, § 38; *Pitts* v. *Pitts*, 52 N. Y., 593; *Schiffer* v.
*Pruden*, 64 N. Y., 47.)   We do not think that it is
different under the criminal statutes involved in this case.
In ordinary phrase, the meaning of the word *conviction*
is, the finding by the jury of a verdict that the accused
is guilty.   But in legal parlance, if often denotes the final
judgment of the court; (2 Dwarris on Stats. [2d Lon.
ed.], 683; *Foster's Case*, 11 Rep., 107; *Keithler* v. *State*, 10
Sm. & M. [18 Miss.], 192; *Reg.* v. *Hicks*, 1 Den. Cr. Cas.,
84.)   It has long been held, though, that whether or not the
word means the finding of fact by verdict or otherwise, or the
judgment of the court, that to shut a person from the wit-
ness-box, by reason of his conviction of treason, felony, or
*crimen falsi*, his guilt must be shown by a judgment.   In

*Lee* v. *Gansel*, Cowp. 3, Ld. MANSFIELD lays it down that " a conviction upon a charge of perjury is not sufficient, unless followed by a judgment. I know of no case," he says, " where a conviction alone has been an objection, because, upon motion on arrest of judgment, it may have been, or may be, quashed." And before that, in *Fitz* v. *Smallbrook*, 1 Keble, 134; [S. C.] T. Raymond, 32; and *sub nom.*, *Wicks* v. *Smallbrooke*, Sidf., 51; a witness was proffered against whom a jury had found a verdict of guilty of perjury, which by the death of OLIVER, the Protector, was kept from judgment. It was held, that he was not thereby rendered incompetent. It is to be queried, however, whether there did not enter into this decision somewhat of the idea that the trial and the verdict being in the time of OLIVER, all things judicial done then were *coram non judice ;* " discontinued by the alteration of the government," as it is put in Siderfin. But on the other hand, the case from Keble (*supra*) is cited as authority, in Loffts' edition of an old text book of repute; (Ld. Ch. BARON GILBERT's Law of Evidence, vol. 1, p. 261.) He thus states the rule : " An indictment for perjury, and verdict thereon, and no judgment entered, cannot be admitted to weaken the credit of any witness ; for if there be no judgment entered, the *allegata* must be supposed defective, and a man cannot be intended to make competent proof upon insufficient *allegata*."

A kindred rule is, that a plea of *autre fois convict* can be proven only by the record; and the indictment, with the finding of the jury, etc., indorsed by the proper officer, is not sufficient, although it appear that no record has been made up; (*Rex* v. *Bowman*, 6 Car. & P., 99.) This is not a *nisi prius* decision, but has the authority of the court of K. B. But there is authority of a later date than some of those cited, and nearer at home. In *Skinner* v. *Perst* (1 Ashm., 57), the rule is recognized that a conviction without an attainder does not destroy the competency of a witness. (See also, *Cushman* v. *Loker*, 2 Mass., 108.) *The People* v. *Herrick* (13 J. R., 82), is always considered an authority to this point. *The People*

v. *Whipple* (9 Cowen, 707), is express.    So is *Dawley* v. *The State* (4 Ind., 128.)

If the question was new with this case, we should not have doubt but that the witness was competent.    The statute, above quoted, itself declares the disability of the witness, and affixes it as a consequence.    He " shall not *thereafter* be received as a witness," says the statute.    Thereafter what? After that he shall " be adjudged guilty of perjury; " and he shall " be adjudged guilty of perjury," upon conviction of wilfully and corruptly swearing falsely.    So that first, according to the statute, comes the conviction; whereupon follows the judgment, of sentence upon the guilty, and *there*after he shall not be received as a witness.

The learned counsel for the plaintiff in error contends that there is no difference in meaning between the words " *deemed* " and " *adjudged,*" used in the penal enactments of the Revised Statutes, and urges that the word " *adjudged,*" in the section under consideration, should be read as if written " *deemed.*"    It is, perhaps, enough to say that it, in fact, reads " adjudged," and that whatever difference there is between the two terms, is in favor of our interpretation of the statute.    Moreover, the phrase " deemed," is not in its meaning, when used in legislative expression, so much more favorable to the plaintiff in error, as to turn us from our view of the question.    To " damn " or " condemn," is " to *deem*, think or *judge* any one, to be guilty, to be criminal — to give judgment, or sentence, or doom of guilt; to adjudge, or declare the penalty or punishment " (Rich. Dict., in *voce, damn*); and " *judge* not, that ye be not *judged*," of our New Testament, is " Nyle ye *deme*, that ghe be not *demed*," of Wicliffe.

There is another peculiarity of the statute against perjury which requires notice and strengthens our view of it.    It, unlike many other statutes defining crimes and fixing the punishment, does not lean upon still another statute for the incompetency to testify of those who are adjudged guilty of a violation; (2 R. S., p. 701, § 23.)    It, by its own declar-

ation, fixes it that any one "adjudged guilty of perjury; *    *
shall not thereafter be received as a witness, to be sworn in
any matter or cause whatever, until judgment against him be
reversed"; (2 R. S., 681, § 1.)    The person adjudged guilty
may not be restored to competency by pardon, as inability
is not a consequence, but a part, of the judgment (*Rex* v.
*Crosby*, 2 Salk., 689; *Holdridge* v. *Gillespie*, 2 J. C. R., 30),
though it matters not that it be not in fact made a formal
part of the judgment; (1 Greenl. Ev., § 378, *n.* 1.). But
to restore to competency the *judgment* must be reversed, not
the conviction, if the conviction be no more than the
verdict.    If the plaintiff in error be correct, there might be
the painful position of a verdict of guilty, (a conviction, as
he would claim, which would render incompetent to testify),
and no judgment entered, to reverse which writ of error
could be brought, so that competency could be restored.
We are aware that the Revised Statutes are provident for
the accused person, that the district attorney and the clerk
shall make up a record of judgment and enter the same upon
the minutes; (2 R. S., p. 738, §§ 4 *et seq.*)    Yet it seems
that that which is to be reversed to restore competency, is
that which unreversed alone creates incompetency.

Again, when the statute law undertakes, by general pro-
vision, to affix incompetency to testify to persons guilty of
certain offences, it says :  " No person *sentenced* upon a con-
viction for felony shall be competent to testify, etc;" (2
R. S., p. 701, § 23.)    We see no reason why one guilty of
perjury should be made incapable before sentence rather
than one guilty of other felony; more especially as we find
in the perjury statute the phrase, "shall, upon conviction,
be adjudged guilty of perjury," which is tantamount to the
other one of "sentenced upon a conviction for felony."

We are brought to the conclusion that, although the word
conviction is not always used in the books to express the
same idea or judicial act, yet that its use in the enactment
under consideration is not enough to overcome the authorities
which we have cited, and that the considerations urged for

the plaintiff in error from other acts are not enough to convince us of error in the courts below.

We are of the opinion that until a person, found guilty of perjury by the verdict of a jury, has received judgment and sentence from the court, he is not incompetent to speak as a witness.

The judgment must, therefore, be affirmed.

All concur.

Judgment affirmed.