COMMONWEALTH *vs.* CHARLES N. PLUMMER.

Essex.    November 7, 1888. — November 26, 1888.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Criminal as a Witness — Immunity from Prosecution — Absence of Promise.*

On a complaint for keeping intoxicating liquors with intent unlawfully to sell the same, the defendant pleaded in bar that he was employed as a bar-keeper to sell such liquors by a city hotel-keeper, against whom a complaint was made for maintaining a common nuisance under the Pub. Sts. c. 101, §§ 5, 6; that the city marshal prosecuting the latter complaint needed him as a witness, and, knowing that he was willing to testify against his employer, but without having any conversation with him, summoned him as a witness; and that because of his appearance in court to testify the hotel-keeper pleaded guilty. *Held*, that there was no evidence of any promise, express or implied, that the defendant should be protected from prosecution.

COMPLAINT to the Police Court of Haverhill for keeping intoxicating liquors, on November 11, 1887, with intent unlawfully to sell the same in this Commonwealth.

In the Superior Court, on appeal, the defendant filed a plea in bar alleging these facts. The defendant was employed, from August 27, 1887, to November 12, 1887, by one Wentworth, as a bar-keeper, to sell intoxicating liquors at the Eagle House in Haverhill, where, on November 11, 1887, intoxicating liquors were duly seized. Subsequently, a complaint was made against him for the illegal keeping of such liquors. On November 14, 1887, a complaint was made against Wentworth for keeping and maintaining a common nuisance, to wit, a tenement used for the illegal sale and illegal keeping of intoxicating liquors from August 20, 1887, to November 12, 1887, at such Eagle House. The city marshal of Haverhill, who prosecuted the latter complaint, understood that the defendant was ready and willing to testify against Wentworth, and needed and intended to use him as a witness; and, without having any conversation with the defendant, duly summoned him as a witness to testify against Wentworth. The defendant attended the police court as a witness, and was ready and willing to testify against Wentworth, all of which Wentworth knew, and in consequence thereof pleaded guilty to the complaint.

At the hearing, before *Bacon*, J., on the plea and a demurrer thereto, it appeared that there was no express agreement made with the defendant, or with any representative of his, by the government to protect him from prosecution. The judge over-ruled the plea.

The defendant was then tried, and the jury returned a verdict of guilty; and the defendant alleged exceptions.

*B. F. Brickett & C. H. Poor*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. C. Bliss*, Assistant Attorney General, for the Commonwealth.

MORTON, C. J. We need not discuss the question whether the Commonwealth would be barred from prosecuting a person for an offence by the fact that the attorney general, district attorney, or other prosecuting officer had promised such person immunity, upon calling him as a witness in the prosecution of another person for the same offence, or one connected with it. Such question is not raised in the case at bar, because there is nothing to show that the city marshal made any promise to the defendant, express or implied, that he should be protected from prosecution. *Commonwealth* v. *Brown*, 103 Mass. 422. *Commonwealth* v. *Denehy*, 103 Mass. 424, note.

*Exceptions overruled.*