PEOPLE ex rel. SWEENEY v. FALLON, Warden.

(Supreme Court, Appellate Division, First Department. April 30, 1913.)

BAIL (§ 42*)—RIGHT TO RELEASE ON BAIL DURING TRIAL.

Code Cr. Proc. § 553, providing that a defendant may be admitted to bail before conviction as a matter of right in cases of misdemeanor, when read in connection with section 422, providing that, when a defendant who has given bail appears for trial, the court may in its discretion,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

at any time after his appearance for trial, order him to be committed to the custody of the proper officer to abide the judgment or further order of the court, does not give a person indicted for a misdemeanor an absolute right to remain at large on bail after his trial has commenced; but, on the contrary, the trial court has an absolute discretion to commit him to custody.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 139–144, 147–152; Dec. Dig. § 42.*]

Four habeas corpus proceedings by the People, on relation, respectively, of Dennis Sweeney, of John J. Murtha, of James E. Hussey, and of James F. Thompson, against John J. Fallon, as Warden, to inquire into the cause of the imprisonment or restraint of relators. Writ dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, and SCOTT, JJ.

Herbert Smyth and George Gordon Battle, both of New York City, for relators.

Charles H. Whitman, Robert C. Taylor, and Stanley L. Richter, all of New York City, for respondent.

INGRAHAM, P. J. (orally). The court does not care to hear the district attorney, as the court has no doubt as to the absolute discretion of the trial court to order the prisoners into custody at any time after their appearance for trial; that both sections 422 and 553 of the Code of Criminal Procedure should be read together; that they are not inconsistent, and they do not give a person indicted for a misdemeanor an absolute right to remain at large on bail after his trial has commenced.

The writ will therefore be dismissed.