## 25811.   TURNIPSEED *v.* THE STATE.

Decided October 29, 1936.

*Louis H. Foster,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

MacIntyre, J.   In affirming Robert F. Turnipseed's conviction of the offense of cheating and swindling, this court held that J. M. Green was not disqualified to serve as a juror in Turnipseed's case, because Green had been previously convicted of cheating and swindling, an offense involving moral turpitude, where the juror's case "is still pending by virtue of the writ of certiorari, which certiorari case has not yet been disposed of;" that ruling being based on the premise that "the ultimate question of his [the

juror's] guilt had not been determined." *Turnipseed* v. *State*, 53 *Ga. App.* 194 (185 S. E. 403). Turnipseed is now excepting to the judgment overruling his extraordinary motion for new trial, showing that since the affirmance of his conviction Green's certiorari was overruled, and the Court of Appeals affirmed that judgment (*Green* v. *State*, 52 *Ga. App.* 18, 182 S. E. 74), and the judgment of the Court of Appeals was made the judgment of the trial court. In disqualifying jurors for offenses involving moral turpitude, our courts follow common-law principles. *Williams* v. *State*, 12 *Ga. App.* 337, 338 (77 S. E. 189). "There is great difference between a man *convicted* and *attainted;* though they are frequently through inaccuracy confounded together. After conviction only, a man is liable to none of these disabilities; for there is still in contemplation of law a possibility of his innocence. Something may be offered in arrest of judgment; the indictment may be erroneous, which will render his guilt uncertain, and thereupon the present conviction may be quashed; he may obtain pardon, or be allowed the benefit of clergy; both of which suppose some latent sparks of merit, which plead in extenuation of his fault." 2 Chitty's Blackstone, 304. "It was the rule of the common law that the production of the complete record, including the conviction, technically so called, and the final judgment thereon, was necessary in order to show that a witness offered was incompetent on account of infamy. This rule is founded on the reason that it is always within the power of the court, on motion in arrest or for a new trial, to set aside a verdict illegally or improperly rendered, at any time before the judgment; and the prosecution may in the end result in the defendant's acquittal." Commonwealth *v.* Gorhan, 99 Mass. 420. We think that the word "judgment" as used by Blackstone means final judgment.

Whether or not the word "conviction" as used in the *Williams* case, supra, means the finding of fact by a verdict, or otherwise, or the judgment of the court, in order to disqualify a juror by reason of his conviction of a crime involving moral turpitude, his guilt must be shown by a judgment. "Mere conviction never did disqualify; it is the judgment that disqualifies, though it is usually said by writers that conviction disqualifies." Keithler *v.* State, 10 Smedes & M. (Miss.) 192, 226. And hence the use of the word conviction as denoting final judgment. "In ordinary phrase

the meaning of the word conviction is the finding by the jury of the verdict that the accused is guilty, but in legal parlance it often denotes the final judgment of the court." Blafus v. People, 69 N. Y. 107 (25 Am. R. 148). A mere conviction finding the juror guilty of a misdemeanor involving moral turpitude, and a judgment, where the judgment is shown not to be final, do not make him incompetent because of infamy. When Turnipseed was tried and convicted, the guilt of the juror, Green, had not been finally determined, for the reason that his pending certiorari proceeding operated to suspend the judgment against him, and might have resulted in his acquittal. Under the facts of this case, would the judge have had the right to strike the juror Green off the panel at the instance of the State, over the protest of Turnipseed's counsel? We think not. The juror was not disqualified at the time of Turnipseed's trial. See *Turnipseed* v. *State,* supra. And his subsequent disqualification did not have the effect of rendering him incompetent to serve on the jury which tried and convicted Turnipseed. We therefore hold that the judge did not err in overruling the extraordinary motion for new trial.

*Judgment affirmed. Guerry, J., concurs. Broyles, C. J., disqualified.*