Lloyd I. Hebzka, J.
On May 20, 1957, in the County Court, Bangs County the relator pleaded guilty to attempted grand larceny in the second degree and was remanded for sentence. She appeared for sentence on June 24, 1957. Previously she *961 had been held in $5,000 bail. On June 24 the sentence date was adjourned to November 4, 1957 and the relator was remanded to jail and held without bail. She has sued out a writ of habeas corpus for the fixation of bail pending the imposition of sentence upon her plea of guilty in the County Court of Kings County.
In the minutes of the hearing on June 24, which were submitted upon this application, it was stated by the District Attorney that the relator was guilty of a prior felony conviction which had resulted in a suspended sentence and there was some uncertainty whether, in order to constitute her a second felony offender, such prior conviction could be pleaded in an information filed by the District Attorney on the day of sentence. (This question was recently decided in the affirmative by the Appellate Division, Second Judicial Department, in the case of People v. Hunter, 3 A D 2d 926. However, that matter is now pending before the Court of Appeals for final determination.)
The County Court Judge stated that he was going to send the relator to jail and that she would be given credit for the time served in jail awaiting sentence. The relator now contends that “ it is a denial of her rights to keep her in jail five months awaiting sentence.”
This writ poses two questions: (1) Is the mandate by virtue of which the prisoner is detained void, and (2) Has the Supreme Court the authority to fix bail after a plea of guilty and before sentence?
As to the first proposition, it is academic that if the relator’s commitment was valid, then the writ must be dismissed (Civ. Prac. Act, §§ 1231, 1252).
The County Court revoked the relator’s bail and remanded her to jail pending the imposition of sentence after she pleaded guilty. This the court had the right to do under section 422 of the Code of Criminal Procedure. That section provides as follows: ‘ ‘ Where a defendant, who has given bail, appears for trial, the court may, in its discretion, at any time after his appearance for trial, order him to be committed to the custody of the proper officer of the county, to abide the judgment or further order of the court; and he must be committed and held in custody accordingly.” (Emphasis supplied.)
The discretion above mentioned is absolute and may not be interfered with by this court (People ex rel. Sweeney v. Fallon, 156 App. Div. 895). It therefore follows that since the mandate detaining the relator is valid, a writ of habeas corpus does not lie (People ex rel. Hubert v. Kaiser, 150 App. Div. 541, 550, affd. 206 N. Y. 46). The case of People ex rel. Rupoli v. McDon *962 nell (277 App. Div. 74) cited by relator, has no application to the facts herein. In that ease the County Court Judge revoked the defendant’s bail before the defendant actually went to trial and the appellate court held that such power of revocation should not be exercised arbitrarily.
We now come to the second proposition; that is, whether the Supreme Court has the authority to fix bail when the defendant has pleaded guilty in the County Court and is awaiting sentence.
In discussing this proposition, this court is not passing upon the propriety or impropriety of the trial court’s lengthy adjournment of sentence. The sole question is the Supreme Court’s power to fix bail under the present circumstances.
Unless this court’s authority to fix bail under the present circumstances can be found in the statutes, the power to do so does not exist. Subdivision 8 of section 22 of the Code of Criminal Procedure provides as follows: “ The supreme court has jurisdiction * * * To let to bail any person committed, before and after indictment found upon any criminal charge whatever.”
The words before and after indictment ’ ’ have been construed to mean “ before conviction ” since there is a special section which deals with bail after conviction, namely, section 555 of the Code of Criminal Procedure (People v. Wirtschafter, 305 N. Y. 515). The word “ conviction ” as used in section 555 (supra) has been interpreted by the Court of Appeals in People ex rel. Marcley v. Lawes (254 N. Y. 249, 253); People v. Marendi (213 N. Y. 600, 616), and Blaufus v. People (69 N. Y. 107, 109). That court held that to complete a conviction, it is necessary not only that there be a verdict of the jury, but that this verdict be followed by a judgment of the court. (See, also, People v. MacGregor, 147 App. Div. 488.)
It would therefor follow from an interpretation of subdivision 8 of section 22 (supra), that the Supreme Court is without power to fix bail under the existing circumstances.
Matter of Hogan v. Bohan (305 N.Y. 110) relied upon by the relator, merely holds that after a plea of guilty the trial court cannot defer sentence indefinitely. That case is not authority for the proposition that the Supreme Court may fix bail pending the imposition of sentence by the County Court. If the trial court defers sentence indefinitely and does not either sentence the defendant to a term in prison, suspend sentence, ov impose sentence and suspend its execution, then a proceeding in the nature of mandamus would lie to compel the imposition of sentence.
*963 This court therefore holds that it is without power to fix bail for the period intervening between the acceptance of the guilty plea and the pronouncement of the judgment of sentence.
In view of the foregoing, the writ herein is dismissed and the prisoner is remanded. Submit order.