THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RONALD H. SAWYER, Appellant.

Fourth Department, January 15, 1970.

*Donald L. Austin* for appellant.

*Arthur A. Darrigrand, District Attorney,* for respondent.

BASTOW, J. An indictment was returned against appellant and another charging them in two counts with (1) robbery, second degree, and (2) attempted robbery, second degree (Penal Law, §§ 160.10, 110.00). The Grand Jury did not recommend youthful offender treatment although appellant's age would have made him eligible therefor. (Code Crim. Pro., §§ 913-e, 913-g.)

Upon arraignment in October, 1968 counsel for appellant requested a preliminary investigation to determine defendant's eligibility for such treatment. In connection therewith appellant and his attorney executed a written consent which in part provided that if found eligible for adjudication as a youthful offender " I consent to be tried without a jury, should a trial be had."

Such consent, of course, was mandated by subdivision 3 of section 913-g of the code which provides, in part, that as a condition to the making of an order that a defendant be investigated for youthful offender treatment he must consent to a trial without a jury. If, following the investigation, the court determines that the defendant is eligible for such treatment he must enter a plea of " guilty " or " not guilty " to the charge of being a youthful offender (Code Crim. Pro., § 913-g, subd. 4). In the event of a " not guilty " plea a summary trial before the court follows (*ibid.*, § 913-h). If the defendant enters a plea of guilty or is found guilty after trial of committing the acts charged in the indictment " the court shall adjudge [him] to be a youthful offender " (*ibid.*, § 913-j).

It is now established that " insofar as its immediate effect and consequences are concerned, the adjudication, involving as it does a finding that the defendant is guilty of a crime (Code Crim. Pro., § 913-e) after a plea of guilty or a trial, and carrying with it the possibility of a commitment (Code Crim. Pro., § 913-m; Correction Law, § 61) and the preservation of the defendant's finger-print records by the division of identification of the Correction Department (Code Crim. Pro., § 913-o), has all the essential features of a conviction as that term is ordinarily understood by lawyers and laymen alike. (Cf. *Blaufus* v. *People,* 69 N. Y. 107, 109.) In our opinion, it is a conviction within the meaning of section 395 of the Code of Criminal Procedure." (*People* v. *Shannon,* 1 A D 2d 226, 231–232, affd. 2 N Y 2d 792.)

The outlined statutory procedure was followed herein. Defendant was found eligible for adjudication as a youthful offender, pled guilty to an information (based on one count of the indictment) charging him with being a youthful offender and

was sentenced (Code Crim. Pro., § 913-m) to Elmira Reformatory (Penal Law, § 75.00), which, of course, permitted imprisonment for a period up to four years. (*Ibid.*, § 75.10.) These proceedings, of course, post-dated the decision on May 20, 1968 of *Duncan* v. *Louisiana*, 391 U. S. 145 (cf. *People* v. *Ruiz*, 24 N Y 2d 926).

It has been held that subdivision 3 of section 913-g and section 913-h of the Code of Criminal Procedure, insofar as they require one between the ages of 16 and 19 to consent to a summary trial without a jury to render one eligible for youthful offender treatment, are unconstitutional (*People* v. *Michael A. C.* [*Anonymous*]), 32 A D 2d 554; *People* v. *Jerome C.* [*Anonymous*], 32 A D 2d 840; *Matter of Saunders* v. *Lupiano*, 30 A D 2d 803; *Nieves* v. *United States*, 280 F. Supp. 994). We agree with these decisions of courts of concurrent jurisdiction. While the statute provides that such a determination shall not be deemed a conviction (Code Crim. Pro., § 913-n) it is a " conviction " for a " serious " crime insofar as appellant is concerned who finds himself incarcerated in a penal institution for a period up to four years.

In *Matter of Hogan* v. *Rosenberg* (24 N Y 2d 207) the court considered the impact upon certain provisions of the New York City Criminal Court Act of the decision in *Duncan* v. *Louisiana* (391 U. S. 145, *supra*) which decision the court stated (p. 213) " should be read for the proposition that statutes which make crimes punishable by imprisonment for terms of two years or more are to be viewed as serious, notwithstanding how the people of a particular jurisdiction might characterize the crime." The court concluded (p. 221) that section 40 of the New York City Criminal Court Act (authorizing non-jury trials of misdemeanors) was constitutional as to young adults between the ages of 16 and 21 but that the Criminal Court was deprived of " jurisdiction to impose a reformatory sentence on young adults pursuant to article 75 [of the revised Penal Law] in the absence of legislation authorizing a jury trial in such cases and providing procedural machinery therefor."

The record herein clearly establishes that appellant was sentenced to Elmira Reformatory pursuant to the provisions of article 75 of the Penal Law. It follows that the trial court was deprived of jurisdiction to impose such a sentence. Moreover, the crime (robbery, second degree) was a " serious " one within the meaning of *Duncan* v. *Louisiana* (391 U. S. 145, *supra*), and the constitutional right of a youthful offender to a trial by jury applied thereto.

Appellant was effectively denied that right when he in substance was required to consent to a nonjury trial as a prerequisite to consideration for adjudication as a youthful offender. True it may be that defendant could have had a jury trial by not seeking consideration as a youthful offender, but " Where a reward is held out to an individual for the waiver of a constitutional right, or a greater threat posed for choosing to assert it, any waiver may be said to have been extracted in an impermissible manner." (*Nieves* v. *United States,* 280 F. Supp. 994, 1001, *supra.*)

Similarly, we see no validity to the contention that there was no violation of defendant's right to due process because he declined to risk his chances with a jury and induced the proceeding of which he now complains (cf. *People* v. *Foster,* 19 N Y 2d 150). The short answer is that he had a right conferred by statute to seek treatment as a youthful offender. In the light of the holding in *Duncan* v. *Louisiana* (*supra*), it is now impermissible to condition the exercise of that right upon a waiver of a jury trial. It must be borne in mind that we are considering the rights in a criminal action of one who under civil law could freely disaffirm nonbusiness contractual obligations (28 N. Y. Jur., Infants, § 8) and would be barred from an election booth (Election Law, § 150) because of his immature years.

To the plaint that a jury trial would in some fashion run counter to the provisions of section 913-k of the Code of Criminal Procedure mandating privacy of such a proceeding, it is sufficient to state that the presence of 12 jurors would not necessarily violate any of its provisions. If there is a conflict, then the State statute must yield to the mandate that " The deep commitment of the Nation to the right of jury trial in serious criminal cases as a defense against arbitrary law enforcement qualifies for protection under the Due Process Clause of the Fourteenth Amendment, and must therefore be respected by the States." (*Duncan* v. *Louisiana,* 391 U. S. 145, 156, *supra.*)

The judgment should be reversed and the action remitted to Oneida County Court for further proceedings not inconsistent with this opinion.

MARSH, J. P., WITMER and MOULE, JJ., concur.

Judgment unanimously reversed on the law and action remitted to Oneida County Court for further proceedings.