Mario Pittoni, J.
Petitioner’s writ of habeas corpus is dismissed.
A Comity Court has the power to remand a defendant to jail after conviction and before sentence even though the span of time between them is 30 days, even though there may be arguable questions of law for the appellate courts which may result in reversal of conviction, and even though the motivation for such a span of time might be more than the difficulty of preparing a presentence report within a shorter period (People ex rel. Walker v. Koson, 6 Misc 2d 960; People ex rel. Anolik v. Flood, Sup. Ct., Nassau County, June 14, 1967, Suozzi, J.; see, also, People ex rel. Colascione v. Ramsden, 20 A D 2d 142). As stated in these cited cases, the State Supreme Court may not review the County Court’s determination to remand and order bail.
All this is pursuant to section 422 of the Code of Criminal Procedure which gives the trial court, in a criminal case, sweeping power to remand a defendant at any time after Ms appearance for trial and to keep him in jail until after acquittal or until after sentence. In the meantime, the Trial Judge’s power to keep the defendant in jail is absolute.
Section 422 of the Code of Criminal Procedure has never been tested in the United States Supreme Court. Perhaps it cannot be tested in the near future because of the procedural hurdles impeding its reaching the United States Supreme Court. For *703 instance, as happened in the Colascione case (supra) before it could reach the United States Supreme Court the problem was already moot; it was already stale. Yet the question arises, among others, does section 422 violate fundamental justice, or as Mr. Justice Frankfurter stated the principle in the Rochin case (Rochin v. California, 342 U. S. 165, 173) offend “ A sense of justice ” under Anglo-American principles and thus offend the due process clause of the 14th Amendment. Does it violate Anglo-American justice to keep an accused in jail without right to bail for weeks or months only to have the jury or court thereafter acquit him or reverse his conviction? Who can repay or make whole that defendant for the time improperly incarcerated? What amends can society make to a man who, under our Anglo-American principles, is presumed innocent until his guilt has finally been resolved?
I have said enough. I did express my views more fully on the record during the oral argument of this proceeding. In short, I feel that section 422 of the Code of Criminal Procedure violates the principles of Anglo-American justice discussed in the Rochin case (supra) and other more recent cases. However, I am bound by the principles declared in People ex rel. Colascione v. Ramsden (supra), and, therefore, dismiss the writ.