In the Matter of the Application of WALTER JOHNSON, Petitioner, by DELLA HILL, His Next of Kin, for a Decree Entitling Him to a Parole from the Institution for Male Defective Delinquents at Napanoch, New York, etc., against JOHN L. HOFFMAN, Acting Superintendent of the Institution for Male Defective Delinquents at Napanoch, N. Y., Respondent.

Supreme Court, Ulster County, August 16, 1933.

*Jerome W. Sinsheimer*, for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein* of counsel], for the respondent.

FOSTER, J. The petitioner seeks upon a writ of habeas corpus to be released from the Institution for Male Defective Delinquents at Napanoch, N. Y., under parole. He has been paroled by the superintendent of that institution and is detained at present by virtue of a warrant issued by the Court of General Sessions of the County of New York, directing his return to that court for further disposition.

On January 31, 1930, the petitioner was convicted in the Court of General Sessions of the crime of robbery in the first degree. Subsequently and prior to the imposition of sentence he was examined and found to be mentally defective. On March 10, 1931, he was committed to the institut on at Napanoch as a criminal mental defective, to be there dealt with according to law.

On February 20, 1933, and in accordance with section 445 of the Correction Law, his application for parole was granted, and on March 1, 1933, the Commissioner of Correction duly approved of such parole. The Court of General Sessions has filed a detainer, or warrant, with the superintendent of the institution, apparently upon the theory that it has the power to demand that the petitioner be returned for resentence. If this theory is correct, then the parole power of the superintendent of the institution amounts to a mere gesture, and the statute is meaningless.

The statute, however, is clear, and expressly confers the power of parole upon the superintendent of such institution, subject to the rules and regulations of the Commissioner of Correction and the limitation that the inmate shall not be paroled before he might have been paroled from another institution, if any, to which he was originally committed, or before he would have been paroled if he had been committed to a reformatory or correctional institution under a similar charge. The policy of the Legislature seems clearly to be that one who is directly committed to such institution is committed for an indefinite term and until paroled by the superintendent thereof. The latter is made the responsible party to determine when such inmate shall be released. (*People ex rel. Romano* v. *Thayer*, 229 App. Div. 687.)

The only theory upon which an inmate might be resentenced is that he has never been sentenced but merely committed for the duration of a temporary disability, and that when such disability

has ceased he may then be returned and subjected to sentence. This theory, however, is directly contrary to the law established for the control of mental defectives and to medical findings. Mental deficiency is not a disease but a condition. It cannot be cured in the sense that insanity may be cured, for the mental level cannot be raised. Within that level the mental defective may be trained and in many cases made a useful member of society, but he would still be, even under such circumstances, a mental defective. If he has been committed to Napanoch thereafter, the question of whether his condition is such that he still requires control by the authorities is completely and conclusively left to the superintendent of that institution.

Such, at least, were the basic principles upon which the Legislature acted, and in accordance therewith it must be held that a commitment to Napanoch is just as final and conclusive as a commitment to a State prison. Thereafter the prisoner is beyond the power of courts in so far as an additional sentence for the same crime is concerned, or in so far as any interference with the power of parole conferred upon the superintendent of that institution.

In view of these considerations, the writ must be sustained and the petitioner released under parole in accordance with the decision of the superintendent at Napanoch.