THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SANTO P. MICELI, Defendant.

Court of General Sessions of County of New York, January 28, 1943.

*Maxwell V. Lovins* and *Lester Samuels* for defendant.

*Frank S. Hogan, District Attorney* (*Milton Spiero* of counsel), for plaintiff.

BOHAN, J. Defendant, Santo Pedro Miceli, has herein pleaded guilty to a felony, to wit, robbery in the second degree. An information charging a previous felony conviction, to wit, robbery in the second degree, was filed pursuant to law. On this information, the defendant,. admitting his identity, moves to dismiss the information, asserting that he is not a second offender within the meaning of section 1941 of the Penal Law.

" § 1941. Punishment for second or third offense of felony. A person, who,. after having been once or twice cónvicted within this state, of a felony, of an attempt to commit a felony, or, under the laws of any other state, government, or country, of a crime which, if committed within this state, would be a felony, commits any felony, within this state, is punishable upon conviction of such second or third offense, as follows * * *."

On April 28, 1931, in the County Court of Kings County, this defendant, then seventeen years old, pleaded guilty to robbery in the second degree. A certificate was made by duly qualified examiners of mental defectives and the court committed the defendant to the Institution for Defective Male Delinquents at Napanoch, there to be dealt with according to law.

The defendant now asserts that this disposition of his former plea entitles him, under relevant statutes and decisions, to be sentenced as a first offender.

Considerable confusion has arisen as to whether a sentence to Napanoch is a previous conviction within the meaning of section 1941 of the Penal Law. Although prior to 1931 it was the practice to return such inmates to the court for final sentence, it was held in *People ex rel. Meyers* v. *Lawes* (242 App. Div. 647; Correction Law, § 439) that such commitment was a final disposition. (To the same effect, *Matter of Johnson* v.

*Hoffman,* 148 Misc. 766.) As a result of these adjudications section 438 of the Correction Law was amended by chapter 267, Laws of 1934, as follows:

" Commitment to said institution at Napanoch by a court of competent jurisdiction shall be deemed a final disposition of the indictment or criminal offense charged and shall wholly divest the said court of its jurisdiction over the prisoner under said commitment and by reason of said offense \* \* \*." In *People ex rel. Meyers* v. *Lawes* (*supra*), the court interpreted the law as it existed at the time of the commitment of the defendant herein, 1931.

The Institution for Male Defective Delinquents at Napanoch is not one of the institutions mentioned in the Correction Law, section 70, to which felons are committed under our Penal Law after sentence. This omission is not accidental, but intentional, on the part of the Legislature. The theory for the treatment and control of mental defectives has been established in the law for many years. It seems the legislative intent was to arrest any further steps in criminal procedure when a certificate of qualified examiners was filed and the defendant adjudged a mental defective, followed by commitment to Napanoch. This was a progressive step in legislation for the reason that " mental deficiency is not a disease but a condition. It cannot be cured in the sense that insanity may be cured, for the mental level cannot be raised." (*Matter of Johnson* v. *Hoffman, supra,* at p. 768.)

As recently as November, 1942, Judge FITZGERALD, in Kings County Court, in *People* v. *Randazzo* (179 Misc. 127, 131), stated:

" Much of the existing confusion as to the powers of the courts, and as to the correct procedure, is due to the fact that when the abolition of lunacy commissions was sought in 1939, no such comprehensive study and analysis of the then-existing statutes were made so as to cover many situations likely to develop." The court also stated (p. 131): " A commitment to Napanoch is not a judgment. A judgment is the sentence imposed upon conviction. A commitment to Napanoch by a court of competent jurisdiction is a final disposition of the indictment or criminal offense charged and wholly divests the court of jurisdiction over the prisoner under said commitment and by reason of said offense. The court may not thereafter sentence the defendant or take any other steps in connection with the case."

It has been held that a verdict alone is not sufficient evidence of conviction; there must be a judgment. (*Blaufus* v. *People,* 69 N. Y. 107; *People* v. *Fabian,* 192 N. Y. 443; see *People* v. *Marendi,* 213 N. Y. 600.)

In *People* v. *Schaller* (224 App. Div. 3), the court held that the defendant was improperly sentenced to life imprisonment as a fourth offender, two of the prior convictions relied upon consisting of two exemplified copies of the records. '' These records of the proceedings showed that upon the defendant's arraignment in Boston he pleaded guilty to the crimes charged, and upon the recommendation of the district attorney the indictments were ' placed upon file ' and the defendant ' discharged from custody ' without punishment.''

The court said (p. 6): '' It is settled by the authority of *People* v. *Fabian* (192 N. Y. 443, 452), that the word ' conviction ' has two meanings, namely, *one,* where it is employed with reference to the verdict in a criminal case as distinguished from the judgment; and *two,* where it is employed to denote the final judgment or sentence of the court. Likewise without noteworthy dissent it has been held by a number of cases in this State and in other States that where disabilities, disqualifications and forfeitures are to follow upon a conviction, in the eyes of the law, *conviction is construed as meaning that condition which is evidenced by judgment and sentence* * * *.'' (Italics supplied.)

The Legislature amended the Code of Criminal Procedure to restrict the interpretation of *People* v. *Fabian* (*supra*); that is to say, the Legislature in 1918 specifically included '' Suspension of sentence '' in section 470-a, and '' Effect thereof,'' in section 470-b.

The Legislature, on the other hand, in 1934, clearly indicated that after a commitment was made to Napanoch the court was divested of any jurisdiction.

It follows that such commitment being neither a judgment, sentence, suspended sentence, nor otherwise covered by statute in this regard, defendant is entitled to be considered a first offender on his present plea. If there is an anomaly here, it is to be corrected, not by strained judicial construction, but by the Legislature alone by amendment to the Code of Criminal Procedure. And it is clear that defendant should not be denied his rights merely on the ground that the result reached unsettles previous dispositions made in similar cases. Motion to dismiss information granted to the extent indicated.