THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY AIELLO, Relator, against WILLIAM E. SNYDER, as Warden of Sing Sing Prison, Defendant.

Supreme Court, Westchester County, January 2, 1945.

*Anthony Aiello,* relator in person.

*Thomas Cradock Hughes, Acting District Attorney (Solomon A. Klein* of counsel), for defendant.

HINKLEY, J. The question here involved is whether a previous commitment to Napanoch, which is an institution for the care of male defective delinquents, can be declared to be a conviction so as to increase relator's imprisonment to that of a second offender under section 1941 of the Penal Law. Three learned judges have written careful opinions on the subject. The County Judge of Chautauqua County (*People* v. *Eckert,* 179 Misc. 181) and a Judge of the Court of General Sessions of the County of New York (*People* v. *Miceli,* 179 Misc. 705), have answered the question in the negative. The County Judge of Kings County differs with both of those judges (*People* v. *La Sasso,* 182 Misc. 538) and answers the question in the affirmative. The numerical preponderance is not only in favor of the former, but also the weight of judicial reasoning.

Irrespective, however, of the legalistic interpretation of statutes and decisions, there is no reason why increased punishment should be arbitrarily imposed upon one who committed his previous offense while a mental defective. The whole system of criminal procedure is based upon protection to society and punishment of the individual with an idealistic, seldom realized, hope of reform. By a commitment to Napanoch, society is protected, but the individual is not and should not be punished by reason of his mental deficiency. As stated in section 438 of the Correction Law, the commitment to Napanoch is for care, treatment, training and custody of the individual.

The learned District Attorney contends that habeas corpus is not the remedy and cites *Matter of Morhous* v. *N. Y. Supreme Court* (293 N. Y. 131, 135).

The scope of relief under writ of habeas corpus has in the case last cited been greatly abridged. However, that concerns the validating or nullifying of a judgment and the release of a prisoner. Here the court dismisses the writ and directs the

return of the relator to the sentencing court for resentence. The Legislature has provided ample legislation for resentencing prisoners in the event that previous felonies are later discovered. There is no provision for resentence in the event of the discovery of an erroneous sentence th: character of which would enure to the benefit of the prisoner. But the long-established practice of returning prisoners to the sentencing court upon the return of a writ of habeas corpus has not been disturbed.* The question was neither raised nor passed upon in the late case of *People ex rel. Wachowicz* v. *Martin* (293 N. Y. 361).

Writ dismissed and prisoner remanded to the custody of the Warden of Sing Sing Prison to be returned by him to the County Court of Kings County for resentence in accordance with this memorandum.

---

* See, also, *People ex rel. Bernoff* v. *Jackson,* 184 Misc. 85.— [REP.